SCHOTT, Judge.
From a $15,000 judgment for personal injuries sustained in an automobile accident plaintiff has appealed seeking an increase in the award. The only issue is whether the trial court abused its discretion.
The accident happened on October 14, 1980, when plaintiff’s automobile was struck from the rear by defendant’s automobile. He consulted Dr. John Garoutte, an orthopedic surgeon, on November 7 with complaints of neck and back pain. Dr. Garoutte diagnosed an acute cervical and lumbar strain. The cervical strain resolved itself in ten weeks, but the lumbar problems persisted over a long period of time although at times Dr. Garoutte felt plaintiff’s condition was near normal. Treatment consisted of muscle relaxants, analgesics, a flexible lumbar support, and a support for use by plaintiff while driving his automobile.
Dr. Garoutte found that plaintiff was essentially over his back discomfort on January 3, 1981, but a few days later his condition worsened. By March 9, 1981, he was near normal again, but on March 27 he had suffered a setback. By May, 1981, he was near normal but in August plaintiff returned with increased symptoms. On October 2, plaintiff’s range of motion was normal but shortly thereafter he suffered another setback. When plaintiff saw Dr. Garoutte on December 11, 1981, and in January and February, 1982, he was said to be near normal and considerably improved. Plaintiff next returned to Dr. Garoutte in June, 1982, when he was found to be doing satisfactorily. He next returned in March, 1983, when he was said to have 75% of normal range of motion, problems with increased activities, and mild pain at 90% bending.
Asked at trial on June 1, 1983, about plaintiff’s prognosis Dr. Garoutte stated that plaintiff would have continuing difficulty of an intermittent sort for an indefinite period of time. The doctor declined to estimate a percentage of disability explaining that plaintiff’s problems were not constant,
“.... and [assigning a disability percentage] would also be a great deal easier if he had an objective demonstrable surgical-type injury with a well-defined patho-logic basis. Mr. Starks’ problem is not of that nature. It is a much more subjective problem in that a great deal of the problem is the discomfort and pain which he perceives, and which I believe he has. But which I cannot feel .... I believe he has a chronic problem with his back at this point.”
At the conclusion of the trial, the judge gave extensive oral reasons for judgment which are summarized as follows: Plaintiff led an active life prior to the accident, and his life style has been considerably im *1232 paired since. He deserves much sympathy because he has been forced to give up so many athletic and outdoor activities he previously enjoyed. The setbacks he experienced during his course of treatment resulted from activities with his children and other activities which would not normally be expected to create problems. His case “becomes complicated” because he has a chronic low back problem aggravated by normal activity. The trial judge observed,
“.... I believe that the defendants should not now be liable for your current and future unlimited, indefinite, non-specific chronic back injury that the doctor claims you may have. Which, parenthetically, you can control by your own voluntary engagement in activities, strenuous or not.”
The trial judge went on to find that by March, 1982, a year and a half postacci-dent, plaintiff “had recovered from all possible direct or indirect consequences caused by the October 14, 1980, accident.” Noting that plaintiff did not lose any time from his work but he did have to forego a number of personal experiences and suffered a loss of companionship with his children he concluded that $15,000 would adequately compensate plaintiff “for a year and a half loss of activities and pain and suffering.”
In this court plaintiff argues that the trial court erred in substituting his opinion for Dr. Garoutte’s, considering that the doctor was a specialist, the treating physician, and the only medical witness in the case. He points to Dr. Garoutte’s unequivocal statement that plaintiff would suffer with his chronic low back problems indefinitely and argues that the trial court’s one and a half year compensable period is manifestly erroneous.
Before a court of appeal may disturb an award of the trial court the record must clearly reveal that the trier of fact abused its discretion in making the award. Coco v. Winston Industries, 341 So.2d 332 (La.1977). Only after an articulated analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that an award is excessive or inadequate. Reck v. Stevens, 373 So.2d 498 (La.1979). Under these constraints we are unable to conclude that plaintiff is entitled to an increase as a matter of law.
In the first place, the record does not compel a conclusion that the trial court abused its discretion in limiting plaintiff’s recovery to an eighteen month period, considering Dr. Garoutte’s testimony that plaintiff’s problems were practically resolved except for some occasional flare-ups following specific incidents of activity which plaintiff can apparently avoid. But even granting that plaintiff should be compensated to some extent for future flareups we are unable to articulate a basis for concluding that the trial court abused its much discretion in the amount of the award.
AFFIRMED.